

**FILED**
**Feb 18, 2020**
**02:52 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Cornell Ayers, deceased, by Tiffany Ayers | ) | Docket No. 2018-08-1189 |
| | ) | |
| | ) | State File No. 75457-2018 |
| v. | ) | |
| | ) | |
| Smith & Nephew, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Vacated and Remanded

---

This interlocutory appeal involves a claim for death benefits. After filing a petition for benefits identifying the deceased worker and the existence of a dependent spouse, the attorney of record took no further action on the claim. An individual identified as the decedent's niece later participated in a show cause hearing and requested additional time to file a request for a hearing. That request was granted, and the niece filed a request for an expedited hearing. The employer responded by filing a motion to dismiss, asserting that the niece is not a member of any class of potential dependents under Tennessee Code Annotated section 50-6-210(c), that the niece is not the legal representative of the decedent's estate, and that she has no standing to bring a claim for death benefits. The trial court denied the employer's motion to dismiss, determining the motion should be treated as a motion for summary judgment because the employer relied on the niece's affidavit that was filed in support of the request for an expedited hearing. The employer has appealed. We vacate the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Christopher M. Myatt, Memphis, Tennessee, for the employer-appellant, Smith & Nephew, Inc.

Cornell Ayers, deceased, by Tiffany Ayers, Memphis, Tennessee, pro se

**Factual and Procedural Background**

Prior to his death on August 22, 2018, Cornell Ayers ("Employee") worked for Smith & Nephew, Inc. ("Employer"). While working at Employer's facility on August 21, 2018, Employee apparently fell and hit his head. He was taken by ambulance to a local hospital where he died the following day.[1] On October 1, 2018, an attorney filed a petition for death benefits in the name of the deceased employee. The petition indicated there is a surviving spouse but no dependent children. Thereafter, a mediator issued a Dispute Certification Notice indicating that Employee did not "attend the mediation" and "did not communicate[] to reschedule with the Bureau." The notice shows that it was mailed to Employee's mailing address, but there is no record of the notice being served on the attorney who filed the petition for death benefits.

The record on appeal contains no other references to the attorney who filed the petition. More importantly, there is no motion to withdraw as counsel, no motion to substitute counsel, and no order explaining why the attorney of record was no longer involved in the case.[2] Moreover, there was no motion to add a party and no order adding a party. Yet, on July 1, 2019, the trial court issued a show cause order instructing "Tiffany Ayers, as representative of the Estate of Cornell Ayers, deceased" to show cause as to why the claim should not be dismissed for failure to file a request for a hearing consistent with Tenn. Comp. R. & Regs. 0800-02-21-.11(1) (2019).[3] The order was served on Tiffany Ayers and Employer's attorney, but there is no indication it was sent to the attorney who filed the petition for death benefits. There is also no indication as to why Tiffany Ayers is identified as the representative of the deceased employee's estate.

The show cause hearing was held on August 19, 2019, and the trial court issued an order the following day noting that Ms. Ayers had requested additional time to file a hearing request. Finding that Ms. Ayers showed a sufficient intent to pursue the case, the trial court declined to dismiss the case, stating in its order that she must file a request for a hearing on or before September 9, 2019, or "the Court will enter a dismissal without prejudice."

---

[1] The record is silent as to the facts surrounding the events of August 21, 2018, other than as stated in the affidavit of Tiffany Ayers filed in support of a request for a hearing. We have gleaned the facts from the documents filed in the trial court.

[2] In its brief, Employer states that "[c]ounsel for the claimant withdrew his representation after filing the Petition." However, there is no document in the record evidencing the attorney's withdrawal and there is no court order approving the withdrawal. *See* Tenn. Comp. R. & Regs. 0800-02-21-.04(3).

[3] The regulation provides that "either party may file a request for expedited hearing or request for scheduling hearing" and that "[i]f no request for hearing is filed within sixty (60) days after the dispute certification notice is filed, the clerk will set a show-cause hearing." Tenn. Comp. R. & Regs. 0800-02-21-.11(1).

Thereafter, Ms. Ayers filed a request for an expedited hearing on September 4, 2019, asking the court to make a decision on the record rather than hold an in-person hearing. In addition to the request for an expedited hearing, Ms. Ayers submitted an affidavit as required by Tenn. Comp. R. & Regs. 0800-02-21-.15(1). Neither the request for an expedited hearing nor Ms. Ayers's affidavit indicates that Ms. Ayers is the legal representative of Cornell Ayers's estate. The affidavit does, however, indicate that Employee is Ms. Ayers's uncle.

Thereafter, Employer filed a motion to dismiss for failure to state a claim upon which relief can be granted, asserting Ms. Ayers lacked standing to pursue the claim for death benefits. Employer also argued she was not a dependent as defined by Tennessee Code Annotated section 50-6-210 (2019), adding that Ms. Ayers "is not an attorney nor personal representative of [Employee's] estate." Employer asserted there is no evidence that an estate has been opened on behalf of Employee or that Ms. Ayers has been judicially appointed as the representative of any such estate. Ms. Ayers did not appear at the hearing on Employer's motion to dismiss.

In its subsequent order, the trial court observed that Employer relied on Ms. Ayers's affidavit in support of its motion to dismiss and found the affidavit was a document that fell outside the pleadings. Thus, the court treated Employer's pleading as a motion for summary judgment. *See* Tenn. R. Civ. P. 12.02 ("If . . . matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.").[4] The trial court denied Employer's motion to dismiss, stating that "all parties shall be given the opportunity to present any pertinent material under Rule 56." Employer has appealed the trial court's denial of its motion to dismiss.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2019). The determination of whether the trial court erred in ruling on a motion to dismiss for failure to state a claim upon which relief could be granted is a question of law. *Doe v. Catholic Bishop for Diocese of Memphis*, No. W2007-01575-COA-R9-CV, 2008 Tenn. App. LEXIS 527, at *3 (Tenn. Ct. App.

---

[4] We offer no opinion as to whether an affidavit submitted in accordance with Tenn. Comp. R. & Regs 0800-02-21-.15(1) is a "matter[] outside the pleading" as described in Rule 12.02 of the Tennessee Rules of Civil Procedure. *Compare Johnson v. McKee Foods Corp.*, No. E2003-02899-WC-R3-CV, 2004 Tenn. LEXIS 867, at *7 (Tenn. Workers' Comp. Panel Oct. 12, 2004) ("We find that facts outside the complaint were presented to the court and . . . the motion must be considered as one for summary judgment."), *with Belton v. City of Memphis*, No. W2015-01785-COA-R3-CV, 2016 Tenn. App. LEXIS 314, at *12 (Tenn. Ct. App. May 10, 2016) ("[W]here documents are required to be attached to a complaint in conformity with Rule 10.03, consideration of those documents by the trial court does not convert a motion to dismiss to a motion for summary judgment.").

3

Sept. 16, 2008). Thus, the standard we apply in reviewing a trial court's ruling on a motion to dismiss is de novo with no presumption of correctness. *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). Finally, we are mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

**Analysis**

Employer raises four issues on appeal, which we have re-stated as follows: (1) whether Ms. Ayers is a dependent of Employee; (2) whether Ms. Ayers has standing to prosecute the claim; (3) whether Employee's claim for workers' compensation benefits is assignable; and (4) whether the court erred in failing to consider Ms. Ayers's affidavit as an integral part of the petition. In the context of the appeal as it has been presented to us, however, we are unable to reach the merits of these issues because: (1) the attorney filing the petition for benefits failed to comply with Tenn. Comp. R. & Regs. 0800-02-21-.04(3) and; (2) neither the parties nor the court addressed how or why Ms. Ayers was added as a party. There is no motion to withdraw as counsel, no motion to substitute parties or add a party, and no order explaining the addition of Ms. Ayers as a party or a judicially-appointed representative of the estate of the decedent.

The Tennessee Court of Workers' Compensation Claims conducts all hearings in accordance with the Tennessee Rules of Evidence and the Tennessee Rules of Civil Procedure "unless an alternate procedural or evidentiary rule has been adopted by the administrator." Tenn. Code Ann. § 50-6-239(c)(1). In examining the process of filing pleadings and the issue of attorney representation, we must consider both the Rules of Civil Procedure and the rules and regulations applicable to the Court of Workers' Compensation Claims.

Rule 11.01(a) of the Tennessee Rules of Civil Procedure requires that "every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name." Furthermore, the rules and regulations governing the Court of Workers' Compensation Claims states that "[r]epresentation continues until the case concludes, including all appeals[,] or until withdrawal from representation is approved by a judge. An attorney seeking to withdraw must file a motion with reasonable notice provided to the represented party." Tenn. Comp. R. & Regs. 0800-02-21-.04(3). Here, there is no indication in the record that the attorney who filed the petition for death benefits filed a motion to withdraw or sought approval from the trial court to withdraw as attorney of record. Accordingly, copies of all documents filed with the Bureau or the trial court clerk should have been served on all parties or their attorneys of record. Tenn. Comp. R. & Regs. 0800-02-21-.08. In the present case,

4

the only pleading signed by the attorney of record is the petition for benefit determination, and there is no evidence the attorney of record was served with any documents filed subsequent to the filing of the petition.

Moreover, there is no explanation in the record as to how or why Ms. Ayers was added as a party or why the trial court permitted her to sign and file a Request for Expedited Hearing when previous filings indicated there was an attorney of record. As we have previously observed, a party may not proceed in a pro se capacity while represented by counsel. *See Lightfoot v. Xerox Bus. Servs.*, No. 2015-01-0233, 2016 TN Wrk. Comp. App. Bd. LEXIS 43, at *12 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2016). Accordingly, until the attorney who filed the petition for death benefits is permitted to withdraw by the trial court, he remains the attorney of record.

In addition, a non-party who is not an attorney may not represent an injured worker, a surviving spouse, or any other litigant in a workers' compensation case. *See* Tenn. R. Civ. P. 11.01(a); Tenn. Comp. R & Regs. 0800-02-21-.04(1). Filings made by a person purportedly representing the estate of a deceased worker in a pro se capacity cannot be considered until the court has approved the withdrawal of the attorney of record and added the judicially-designated representative of the estate as a party. *Id.*

### Conclusion

Accordingly, the trial court's order denying Employer's motion to dismiss is vacated and the case is remanded to the trial court for such additional action as is deemed appropriate by the trial court consistent with this opinion. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Cornell Ayers, deceased, by | ) | Docket No. 2018-08-1189 |
| Tiffany Ayers | ) | |
| | ) | State File No. 75457-2018 |
| v. | ) | |
| | ) | |
| Smith & Nephew, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of February, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Cornell Ayers, deceased, by Tiffany Ayers | | X | | X | 3187 Dunkin Williams Road Memphis, TN 38119 tnayers08@gmail.com |
| Jonathan L. May | | | | X | jmay@forthepeople.com |
| Christopher Myatt | | | | X | cmyatt@martintate.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov